Westbrook, J.
This action was brought to recover possession of certain real estate situate in the county of Rensselaer. Upon the first trial of such action, the plaintiff succeeded, and by virtue of the judgment entered, the plaintiff was, by execution, placed in possession of the property.
The judgment, however, was reversed at general term, upon an appeal, and a new trial granted, but there was no order made for the restoration to the defendant of the property from which he had been evicted.
The action was retried at the Rensselaer circuit in February, 1882, Justice Ingalls presiding, and *363 resulted in a verdict for the defendant. The charge, however, of the judge presiding at the trial, shows it was held as matter of law, that the plaintiff was entitled to recover, provided the defendant was the actual occupant of the premises sought to be recovered at the time of the commencement of the suit.
Without any order of the court allowing it, the defendant has, upon the verdict, not only entered a judgment for costs, but has also inserted therein a special clause directing the possession of tlie premises to be restored to him. By virtue of an execution issued upon such judgment, the defendant has been placed in possession of the property.
The plaintiff now moves (and in such motion one John M. Green, who was the occupant of the premises, and was removed therefrom under the judgment in favor of the defendant, unites) that the order of restoration in such judgment contained should be set aside, and the proceedings thereunder in favor of the defendant vacated and annulled.
The question, which the motion involves, is, Can a defendant, who has been evicted from the possession of real estate by virtue of a judgment in favor of the plaintiff in an action of ejectment, provided a new trial is granted in such action upon an appeal, and he succeeds upon such a new trial, enter a formal judgment of restitution upon such verdict, without any order of the court allowing it ?
If the question just stated must .be answered in the affirmative, then this case presents the singular spectacle of a person, who is not the owner of real estate, placed in the possession thereof as against the true owner, and the still stranger spectacle, if that be possible, of an individual, who succeeds in an action upon the sole ground that he was not the occupant of the property sought to be recovered thereby, at the time of its commencement, placed in possession of such *364 property which he never before held, and the right to occupy which his defense disclaimed. A stronger case for the interposition of the court cannot well be imagined, and it forcibly presents the danger of permitting a judgment of restitution to be entered without a formal application to the court. The defendant, however, insists that the judgment is authorized ; and an examination of this claim will be made.
It is true, as the counsel for the defendant contends, that section 1189 of the Code provides that “Upon the application of the party in whose favor a general verdict is rendered, the clerk must enter judgment, in conformity to the verdict, unless a different direction is given by the court, or it is otherwise specially prescribed by law,” but this leaves the question open, what judgment does the law permit to be entered upon such verdict ?
Section 1529 of the Code declares, “ Where the plaintiff has taken possession of real property, by virtue of a final judgment, his possession shall not be in any way affected by the vacating of the judgment, except as prescribed in sections 1525 or 1526 of this act. In such a case, if the defendant thereafter recovers final judgment in the action, it must award to him the restitution of the possession of the property, and he may have an execution thereupon for the delivery of the possession to him, as if he was plaintiff.” What does this section mean % Do the words “ in such a case ” refer to all cases in which “ the plaintiff has taken possession of real property, by virtue of a final judgment,” without regard to the mode of obtaining a new trial; or do they refer only to those actions in which a new trial has been obtained, not by appeal, but by special application to the court as provided in sections 1525 and 1526\
Sections 1525 and 1526 of the Code- are (see Mr. Throop’s notes to such sections), though somewhat *365 changed, substitutes for sections 37 and 38 of the Revised Statutes (2 Edm. Stat. 318), and section 1529 of the Code (see Mr. Throop’s note) for section 41 of the Revised Statutes (2 Edm. Stat. 319). Section 41 of the Revised Statutes declared: “If the plaintiff shall have taken possession of the premises, by virtue of recovery in ejectment, such possession shall not in any way be affected by the vacating of any judgment, as herein provided, and if the defendant recover in any new trial hereby authorized, he shall be entitled to a writ of possession, in the same manner as if he were plaintiff.” The mode of vacating a judgment provided by the statute, to which reference is made, by the section just quoted, was not a vacation by appeal, but upon an application to the court as prescribed by sections 37 and 38. The effect of section 41 was clearly then to take from the court the power of awarding restitution to the defendant, when a new trial was given under the statute, and to confine such restitution to a case, in which, after the new trial had been granted, the defendant was successful upon such “ new trial.”
In Huntington v. Forkson (7 Hill, 195), the supreme court had construed the meaning of the words, “ if the defendant recover in any new trial,” used in section 41. Of them in that case, Judge Bronsor (see pages 196, 197) had said: “ Although the words are that the defendant shall have a writ of possession if he ‘ recover in any new trial,’ I am strongly of the opinion that the legislature intended the possession should be restored whenever the defendant should obtain a regular judgment in his favor, whether upon a trial or in any other way.”
The decision, to which reference has been made, makes the meaning of the Revised Statutes clear. Section 41 thereof provided for a restitution of the premises to a defendant, who had been deprived of the possession thereof by a judgment in favor of the plaint *366 iff in an action of ejectment, in case he had final judgment in his favor, after a new trial had been granted to him under the statute, and not upon appeal.
By his note to section 1529 of the Code, its author, Mr. Throop, has declared its meaning to be identical with that of the old Revised Statutes, as interpreted by the case above referred to. He says : “ Section 41 of the Revised Statutes amended so as to authorize an execution in behalf of the defendant, upon a recovery by him, in" other cases, as well as upon a new trial, in accordance with the opinion of Bronson, Ch. J., as to a writ of possession, in Huntington v. Forkson, 7 Hill, 195.” As the Revised Statutes (section 41) provided for the entry dt a judgment of restitution to the defendant in an action of ejectment, when he was successful, only in a case in which a new trial had been granted upon a special application to the court in accordance with its provisions, it follows that the Code by its 1529th section, which was enacted to carry out the provision of the Revised Statutes, as interpreted by Huntington v. Fork-son, did not authorize the judgment entered in this-action. The court had interpreted the words “if the defendant recover in any new trial hereby authorized,” used in the Revised Statutes, to mean, “whenever the defendant should obtain a regular judgment in his favor, whether upon a trial or in any other way,” and Mr. Throop has, in section 1529 of his Code, substituted for the words used in the Revised Statutes the words ‘£ if the defendant thereafter recovers final judgment in the action.” The change made is clearly in harmony with the note of Mr. Throop, and leaves no doubt as to the meaning.
In addition to the argument already made as to the meaning of section 1529 of the Code there is another, and it is this: that by other séctions of the Code provision is made for a case like the present. By section 1005 is conferred the power to award restitution when a new *367 trial is granted upon a case with exceptions ; by section 1292, “ when a judgment is set aside for any cause upon motion;” and by section 1323, “where a final judgment or order is reversed or modified upon appeal.” As a new trial had been granted in this action upon an appeal, the defendant’s remedy was to apply to the court for relief, and he could not, without an express order authorizing it, enter the judgment of restitution.
The judgment must be modified and amended as sought by this motion, and an order entered directing the sheriff to restore the possession to the party who has been evicted. This order must be, however, without prejudice to the right of the defendant to move for such relief as he may conceive himself entitled to.
The form of the order will be settled on notice to the defendant’s attorney.